Mike PETURIS et al., Plaintiffs,

v.

James FENDLEY, Defendant and Third–Party Plaintiff,

v.

INTERNATIONAL HARVESTER CREDIT CORP., etc., Third–Party Defendant.

Civ. A. No. 80–0238–P.

United States District Court, S. D. Alabama, S. D.

Aug. 27, 1980.

**204**

Lloyd E. Taylor and W. Kenneth Gibson, Fairhope, Ala., for plaintiffs.

Gary L. Armstrong, Spanish Fort, Ala., Samuel M. McMillan, Mobile, Ala., for defendant and third–party plaintiff.

## ORDER ON MOTION TO REMAND

PITTMAN, Chief Judge.

This cause came to be heard on the joint motion of the plaintiffs and the defendant to remand this action to the Circuit Court of Baldwin County, Alabama, whence it was removed by the third–party defendant International Harvester Credit Corporation [International Harvester].

International Harvester is a Delaware corporation with its principal place of business in Illinois. Fendley and Mike and George Peturis, d/b/a Peturis Brothers, are citizens of Alabama.

The truck and trailer which form the basis of this action were purchased by Fendley subject to International Harvester's mortgage. Fendley later sold the trailer to a dealer, who sold it to Peturis Brothers. The truck was wrecked, and was released from the mortgage after the insurance proceeds were paid.

International Harvester brought an action in the Circuit Court of Mobile County against Fendley and Peturis Brothers to foreclose a mortgage on the trailer, claiming against Peturis Brothers for conversion. Peturis Brothers cross–claimed against Fendley for breach of warranty and fraud. International Harvester's claims were dismissed, without prejudice as to Fendley, and the remaining cross–claim was transferred to the Circuit Court of Baldwin County. Fendley then joined a third–party claim against International Harvester for conversion of the insurance proceeds from the truck, and for libel. International Harvester removed Peturis Brothers' claim and Fendley's third–party claim to this court.

Peturis Brothers' claim against Fendley and Fendley's claims against International Harvester are wholly unrelated to one another, both in the nature of the causes of action, and in the subject matter of the claims.

The Fifth Circuit has noted that

[w]here removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in Riegel's position is as much a "defendant" as if an original action had been brought against him. This is fully in accord with the policy behind the removal statute of providing a federal forum to an out–of–stater sued in state court.

*Central of Georgia Ry. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970). Although *Riegel Textile* involved a third–party claim for indemnity which had been severed from the plaintiff's FELA claim, it states that, at least in some cases, a third–party defendant may be a "defendant" within the meaning of 28 U.S.C. § 1441(a). Similarly, in *Gamble v. Central of Georgia Ry.*, 486 F.2d 781, 785 (5th Cir. 1973), the third–party defendant removed the plaintiff's FELA claim and the defendant's claim for indemnity. Noting that a FELA claim brought in state court may not be removed under 28 U.S.C. § 1445, the court directed that the district court

should have granted the motion for remand of the entire action or alternatively should have severed the FELA suit and remanded it.

486 F.2d at 785. *Accord, Southland Corp. v. Estridge*, 456 F.Supp. 1296 (C.D.Cal.1978).

*Riegel Textile* and *Gamble* establish a third–party defendant's right to remove under § 1441(a). *Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980); *ac ord, Ted Lokey Real*

*Estate Co. v. Gentry*, 336 F.Supp. 741 (N.D. Tex.1972). *Contra, Lowe's of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008 (M.D.Ala. 1977). The contrary result, that only original defendants may remove, has been adopted by most district courts. *See* 1A J. Moore, *Federal Practice* ¶ 0.167[10] (2d ed. 1980); 14 C. Wright & A. Miller § 3731 (1976).

Prior to the 1948 amendments to § 1441, a third–party defendant could remove an action where the original defendant's claim was "severable" from the plaintiff's claim, but could not where it was "merely incidental or ancillary." 1A J. Moore, *supra,* ¶ 0.167[10] at 414–15; *see* Reviser's Note to 28 U.S.C. § 1441. The 1948 amendments were intended to limit removal to "separate and independent claim[s] or cause[s] of action," a category thought to be more limited than "separable controversies." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 9–11, 71 S.Ct. 534, 538, 95 L.Ed. 702, 706–07 (1950). No intent of Congress appears, however, to disturb the prior practice of including third–party defendants within the category "defendant" of then–section 71 of title 28, now § 1441(a).

The policies that the plaintiff's choice of forum should not be defeated by third–party removal, *see* 1A J. Moore, *supra,* ¶ 0.167[10] at 420, and that the independence of state courts should be respected, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214, 1219 (1941), are embodied in subsection (c) of the removal statute, which provides:

> Whenever a separate and independent claim or cause of action, which would be removable is sued upon alone, is joined with one or more otherwise non–removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c).

Jurisdiction of the third–party claim in this case is proper under diversity. 28 U.S.C. § 1332. The third–party claim is clearly separate and independent. No independent ground of jurisdiction over the plaintiff's claim appears; it is thus a nonremovable claim. Further, the plaintiff should not be denied his choice of the state forum.

It is therefore ORDERED that the claims of defendant Fendley against International Harvester are severed from the plaintiff's claims. It is further ORDERED that the plaintiff's claims are remanded to the Circuit Court of Baldwin County.

Costs on remand are taxed to International Harvester Credit Corporation.