MARSH INVESTMENT CORPORATION, Plaintiff-Appellee,

v.

John LANGFORD, Defendant.

PONTCHARTRAIN STATE BANK, Defendant-Appellant,

v.

William M. JUSTICE, Clerk of Court, Etc., et al., Defendants-Appellees.

No. 80–3608.

United States Court of Appeals, Fifth Circuit. Unit A

Aug. 6, 1981.

Charles Clark, Circuit Judge, filed specially concurring opinion.

Robert C. Lowe, Annabelle H. Walker, Max Nathan, Jr., New Orleans, La., for defendant-appellant.

Steeg & O'Connor, Robert M. Steeg, Moise S. Steeg, Jr., New Orleans, La., for Marsh Inv. Corp.

Matt J. Farley, New Orleans, La., for Underwriters.

Before CHARLES CLARK, TATE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The summary judgment in favor of the Marsh Investment Corporation is AFFIRMED on the basis of the district court's memorandum opinion, 490 F.Supp. 1320, entered June 3, 1980, United States District Court, Eastern District of Louisiana, Civil Action No. 79–2020, Section "E".

The district court correctly concluded that the Pontchartrain State Bank's third-party demand against the underwriters was a "separate and independent" cause of action that was joined with non-removable actions, so that the entire case filed in state court was properly removed to federal court. 28 U.S.C. § 1441(c); *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980). We are of the further opinion that the district court did not abuse its discretion in not remanding the non-removal actions at the time remand was requested, for the reasons more fully stated in the district court's opinion of July 30, 1980. See *Marsh Investment Corporation v. Langford*, 494 F.Supp. 344 (E.D. La.1980).[1] Nor can we find any abuse of discretion in the district court's grant of Rule 54(b) certification in the entry of the summary judgment. See *Curtis-Wright Corporation v. General Electric Company*, 446 U.S. 1, 9, 100 S.Ct. 1460, 1466–67, 64 L.Ed.2d 1 (1980).

Accordingly, we AFFIRM the district court judgment.

AFFIRMED.

CHARLES CLARK, Circuit Judge, specially concurring:

I concur in the panel's affirmance of the judgment of the district court and in all of the opinion except the second sentence of footnote 1. Since we are unanimous that it is unnecessary to pass upon the issue of whether this was a "final judgment" within the meaning of 22 U.S.C. § 1447(c), I do not.

---

1. We do not pass upon the timeliness of the motion for remand, since we find no abuse of discretion in denying the motion, if timely. Although a majority of the panel further agree with the additional conclusion of the district court that the final judgment on the summary judgment claim entered pursuant to Rule 54(b) was a "final judgment" within the meaning of 28 U.S.C. 1447(c)—so that the motion to remand as improvidently ruled was not timely, not being "*before* final judgment"—it is unnecessary to pass upon this issue when, in any event, the refusal to remand was proper.