**Gerald W. FRIDDLE, Plaintiff,**

v.

**HARDEE'S FOOD SYSTEMS, INC., Defendant,**

v.

**ZARTICK MEATS & SEAFOODS, INC., Third Party Defendant.**

**No. 81–2146.**

United States District Court, W. D. Arkansas, Fort Smith Division.

Dec. 16, 1981.

Coy J. Rush, Jr., Hixson & Cleveland, Paris, Ark., for plaintiff.

J. Michael Shaw, Shaw & Ledbetter, Fort Smith, Ark., for Hardee's Food Systems, Inc.

Douglas O. Smith, Jr., Warner & Smith, Fort Smith, Ark., for Zartick Meats & Seafood.

## MEMORANDUM OPINION

WATERS, Chief Judge.

This is an action in which Gerald Friddle, a citizen of Arkansas, seeks damages for injuries he contends he sustained when he bit into a metal tack in a chopped beefsteak and biscuit sandwich. The case was commenced in the Circuit Court of Logan County, Arkansas, against Hardee's Food Systems, Inc. from whom plaintiff had pur-

chased the sandwich. Hardee's is incorporated under the law of North Carolina where it has its principal place of business. Hardee's brought a third-party complaint against Zartick Meats & Seafood, Inc., contending if Mr. Friddle should get judgment against Hardee's, Hardee's should have judgment against Zartick as Zartick supplied the ground beef containing the tack to Hardee's. Third party-defendant filed a petition for removal in this court and afterwards plaintiff amended to state a cause of action directly against Zartick.

The court has *sua sponte* questioned its subject matter jurisdiction. There is complete diversity of citizenship and the amount in controversy exceeds $10,000.00, but the court is concerned that its jurisdiction was invoked by a petition for removal filed not by a defendant, but by a third-party defendant.

28 U.S.C. Secs. 1441–1446 govern removal. Section 1441 authorizes removal of actions which could have been initiated in a United States court if the removal is sought "by the defendant or defendants". It also provides that residents of the state in which the action is pending cannot seek removal. Sec. 1446 sets out the time limits for seeking removal and establishes other requirements. Certain of the statutory requirements applicable to removal of actions are considered procedural irregularities which can be waived by the absence of a timely objection. Other requirements for removal are considered of jurisdictional dimensions which cannot be waived. In the case at bar we must determine whether or not the removal by the third-party defendant was proper, and if not, whether or not the mistake was jurisdictional.

We hold that 1441(a) limits the right to remove to defendants and does not give a right of removal to third-party defendants. We reach this conclusion from the rule requiring strict construction be given to the removal statute and from the authorities in the district courts of this state which hold third party defendants cannot remove. *Fiblenski v. Hirschback Motor Lines, Inc.*, 304 F.Supp. 283 (E.D.Ark. 1969) (opinion by J. Henley); *Sequoyah*

*Feed & Supply Co. v. Robinson*, 101 F.Supp. 680 (W.D.Ark.1951) (J. Miller); *Shaver v. Arkansas Best Freight Systems, Inc.*, 171 F.Supp. 754 (W.D.Ark.1959) (J. Miller). See also, *Garnas v. American Farm Equip. Co.*, 502 F.Supp. 349 (D.N.D.1980); and *Moore's Fed. Prac. Par. 0.167(10).* As stated by Judge Miller in the leading case on this issue, *Sequoyah Feed & Supply Co. v. Robinson*, 101 F.Supp. 680, 682 (W.D.Ark.1951):

"In view of the approach taken by the Supreme Court, of rejecting a liberal, or "practical" as called by some courts, construction, and insisting upon a strict construction within "the precise limits which the statute has defined", which, in its opinion, is the Congressional purpose as evidenced by the various legislation on the subject, and the intention of the revisors, accepted by the Congress, to further restrict removal by the 1948 revision, the court feels inclined to agree with the construction given by Moore. In doing so, it wishes to point out that it has no desire to deprive any defendant of its right to removal, but is simply of the opinion that the Congress has not created such a right in this instance. The Congress could have done so, but had it so intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases."

We are aware that there is authority in other circuits to the contrary, holding that third-party defendants can seek removal if the cause of action against them is separate and independent from the primary claim. *Carl Hack Engineers v. LaFourche Parish Police*, 622 F.2d 133 (5th Cir. 1980). The rationale for allowing a third-party defendant to remove is that the right to remove should not depend upon the vagaries of state law and that as a third-party defendant has not chosen the state forum he should have the right to remove. We believe the reasons might support a legislative amendment to 28 U.S.C. Sec. 1441, but they should not be used to support a judicial construction of the statute beyond the plain meaning of its language.

**150**

We point out that Judge Miller's decisions holding that 28 U.S.C. Sec. 1441(a) does not authorize third-party defendants to seek removal are the seminal ones and have been followed by a majority of courts for thirty years. As stated in *Garnas v. American Farm Equip. Co.*, 502 F.Supp. 349, 352 (D.N. D.1980):

> "In the twenty-nine years since (J. Miller's) opinion was published, Congress has not modified the language of Sec. 1441, and this court will not do so by judicial fiat."

Having held that the removal by the third-party defendant was improper, we consider whether or not the error is one of jurisdictional dimensions. We hold that it is and that the parties' failure to move for remand does not vest this court with subject matter jurisdiction. In *Fiblenski v. Hirschback Motor Lines, Inc.*, 304 F.Supp. 283 (E.D.Ark.1969) the court *sua sponte* remanded the action to state court, holding that a third-party defendant cannot remove. Although the other parties had not objected to removal, the court's *sua sponte* remand implies the defect was jurisdictional.

A separate order will be entered remanding this case to the Circuit Court of Logan County, Arkansas.