**Frederick S. SHARE, M.D.**

v.

**SEARS, ROEBUCK & CO.**

**and**

**Tecumseh Products, Co.**

**Civ. A. No. 81–4189.**

United States District Court,
E.D. Pennsylvania.

Nov. 2, 1982.

Keith Erbstein, Philadelphia, Pa., for plaintiff.

Harry Short, Philadelphia, Pa., for Sears, Roebuck & Co.

John M. Fitzpatrick, Philadelphia, Pa., for Tecumseh Products, Co.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Share, a citizen of Pennsylvania, brought suit against defendant Sears, a New York corporation, in the Philadelphia Court of Common Pleas. The complaint alleged personal injuries incurred in plaintiff's operation of a power lawn mower purchased by Share from Sears. Sears filed a third-party complaint against third-party Tecumseh Products, a Michigan corporation which manufactured the mower sold by Sears to Share, seeking indemnification

from Tecumseh for any damages recovered by Share from Sears.

Tecumseh, relying on its status as a "defendant" and regarding both Share's complaint and Sears' third-party complaint as stating diversity claims "of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), removed the case to this court.

Share, contending (a) that third-party defendant Tecumseh is not a "defendant" within the meaning of 28 U.S.C. § 1441(a), and (b) that in any event Sears' third-party complaint against Tecumseh does not state "a separate and independent claim or cause of action, which would be removable if sued upon alone," 28 U.S.C. § 1441(c), has moved for remand of the entire case to the Court of Common Pleas.

At argument on the motion to remand, I asked Tecumseh to submit a copy of its contract with Sears, in order to shed light on Tecumseh's characterization of Sears' indemnification claim as "separate [from] and independent" of Share's claim against Sears. Share argued that I was obliged to determine the separateness and independence of Sears' third-party claim on the basis of Sears' third-party complaint alone, without benefit of the Tecumseh-Sears contract, since that document had not been included within or appended to and thereby incorporated by reference in the third-party complaint. Accordingly, in addition to calling for submission of the contract, I gave the parties leave to file memoranda with respect to Share's argument that I may not properly take account of the contract provisions in ruling on the motion to remand.

The contract has now been submitted. The memoranda on my authority to consider the contract are not yet due. However, I have in the interim given the matter further consideration, and I am satisfied that the motion to remand must be granted without regard to whether Sears' indemnification claim should properly be viewed as a claim ancillary to or independent of Share's primary claim. That is to say, reflection persuades me that Share is on firm ground in arguing that a third-party defendant is not a "defendant" within the meaning of section 1441(a) and hence had no standing to initiate removal of this case from Common Pleas to this court. If this reading of section 1441(a) is correct, the characterization of Sears' claim as ancillary or independent "seems academic, for whether § 1441(c) is applicable or not, removal under § 1441 is still limited to defendants...." 1A *Moore's Federal Practice* ¶ 0.167[8] at 406 (1982 ed.).

The proposition that "defendant" in section 1441(a) excludes third-party defendants is not compelled by syntax. Congress certainly could have conferred, and intended to confer, the privilege of remand on any litigant who at some stage of a state court law suit becomes the target of a claim cognizable by a federal district court. But Congress has not followed this course. Section 12 of the Judiciary Act of 1789, dealing with the removal of a diversity action, confined the privilege to the "defendant," and the Court in *West v. Aurora City,* 73 U.S. (6 Wall.) 139, 18 L.Ed. 819 (1867), read that provision as precluding removal by a non-forum-citizen plaintiff of a case in which the forum-citizen-defendant filed a counterclaim. Section 12 of the Act of 1875 changed all this, authorizing "either party or any one or more of the plaintiffs or defendants" to remove. But this expansion of federal jurisdiction was short-lived. The Act of 1887 permitted the "defendant or defendants" to remove, and this language has survived subsequent codification, including that of 1948 which now governs us. Moreover, in 1941, in *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, Justice Stone, writing for a unanimous Court, returned to the rule of *West v. Aurora City,* in the light of Congress' return to "defendant" as the talismanic word.

In 1954, the question posed today—whether removal can be accomplished by a third-party defendant, in a case in which there is diversity both as to the original claim and as to the third-party claim—was answered in the negative by Chief Judge Henley of the Eastern District of Arkansas in *Fiblenski v. Hirschback Motor Lines,*

*Inc.,* 304 F.Supp. 283. Chief Judge Henley (304 F.Supp. at 285) relied heavily on Professor Moore, from whose Treatise he quoted the following: "We believe that the reference in the general removal statute, § 1441, is only to *plaintiff's* defendants and does not include such defendants as third-party defendants, cross-claims defendants, and other parties that are not defending a claim asserted against them by the plaintiff. . . . This view is in accord with [*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214] and with the tenets of statutory construction that the right of removal is strictly construed."

The lower federal courts are divided on the issue,[1] but the weight of authority seems to conform to the principle, quoted in *Fiblenski, supra,* which Professor Moore has so long espoused. See Professor Moore's current reformulation in the 1982 edition of his Treatise. 1A *Moore, Federal Practice* ¶ 0.157[7] at 116 (2d ed. 1982).

I conclude that Professor Moore's approach is a sound one. It seems difficult to develop a coherent theory for denying the privilege of removal to a *Shamrock* plaintiff but granting it to a third-party defendant,[2] and in any event there is no evidence that Congress at any time before or since 1948 has adopted such a theory. What seems controlling is the approach to removal which informed the Court's decision in *Shamrock* and which guides us today (313 U.S. at 109, 61 S.Ct. at 872): " . . . [T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of

such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should activate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' *Healey v. Ratta,* 292 U.S. 263, 270 [54 S.Ct. 700, 703, 78 L.Ed. 1248]."

Accordingly, by separate order filed today, the motion to remand is granted.

---

1. For useful case discussion, *compare Knight v. Hellenic Lines, Ltd.,* 543 F.Supp. 915 (E.D.N.Y. 1982); *Greater New York Mut. Ins. Co. v. Anchor Const. Co.,* 326 F.Supp. 245 (E.D.Pa.1971); *Burlingham, Underwood, Barron, Wright & White v. Luckenback S.S. Co.,* 208 F.Supp. 544 (S.D.N.Y.1962), and *Sequoyah Feed & Supply Co. v. Robinson,* 101 F.Supp. 680 (W.D.Ark. 1951) *with Motor Vehicle Cas. Co. v. Russian River County Sanitation District,* 538 F.Supp. 488 (N.D.Ca.1981); *Marsh Inv. Corp. v. Langford,* 494 F.Supp. 344 (E.D.La.1980), *aff'd* 652 F.2d 583 (5th Cir.1981), *cert. denied,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982) and *Industrial Lithographic Co. v. Mendelson,* 119

F.Supp. 284 (D.N.J.1954). Not all of the case discussion is at pains to make clear whether Section 1441(c) is perceived as dependent on Section 1441(a) or as establishing separate grounds for removal not available to a litigant other than a "defendant." Analytically, I cannot perceive a tenable basis for the latter reading.

2. To be sure, a plaintiff in a state court has, unlike a third-party defendant, elected that court; but the election relates to the plaintiff's claim, not to a counterclaim of which plaintiff later becomes a target.