Patricia Riley SOPER, et al., Plaintiffs,

v.

Burt M. KAHN, Esquire, et al., Defendants and, Third-Party Plaintiffs,

v.

MARTINDALE–HUBBELL, INC., Third-Party Defendant.

Civ. A. No. M–83–1011.

United States District Court, D. Maryland.

July 22, 1983.

Robert Earl Wilson and Huber, Lutche & Wilson, Baltimore, Md., for plaintiffs.

Albert D. Brault and Brault, Graham, Scott & Brault, Rockville, Md., for defendants and third-party plaintiffs.

Craig E. Smith, Kathleen M. McDonald and Venable, Baetjer & Howard, Baltimore, Md., for third-party defendant.

## MEMORANDUM OPINION

JAMES R. MILLER, Jr., District Judge.

Patricia Riley Soper and her husband, William L. Soper, Jr., plaintiffs, filed this suit in the Circuit Court for Prince George's County in Maryland against Burt M. Kahn, Esquire and the law firm of Baskin & Sears, defendants, alleging, among other things, that defendants were guilty of legal malpractice. The defendants impleaded Martindale-Hubbell, Inc., third-party defendant, for indemnification and/or contribution on the underlying malpractice claim. Pursuant to 28 U.S.C. § 1441, the third-party defendant removed the entire action to this court,[1] alleging diversity jurisdiction in accordance with 28 U.S.C. § 1332. The pleadings demonstrate that there is diversity only as to the third-party claim and that there is no diversity on the main claim.[2]

Pending before the court is defendant's Petition for Remand[3] which has been opposed by the third-party defendant.[4] Also pending is the third-party defendant's Motion for Severance of Third-Party Claim[5] which is contested by defendants.[6] Additionally, the third-party defendant has filed a Motion to Dismiss.[7] The court, however, extended the response time to that motion until after a decision on the petition to remand.[8] A hearing was held on the Motion to Remand on July 1, 1983.

According to the original complaint, the plaintiffs engaged the legal services of the defendants when Mrs. Soper learned that she had been mistakenly subjected to an unauthorized and allegedly dangerous operation after having given consent to having a simple appendectomy performed in a New Jersey hospital. She contends in this case that defendants erroneously advised her husband and her of the applicable statute of limitations for filing a medical malpractice suit in New Jersey. According to plaintiffs, defendants advised them that the period of limitations was two years from the time when a plaintiff reaches the age of majority. They allege that defendants negligently and erroneously told them that the age of majority in New Jersey was twenty-one. Because Mrs. Soper relied on that advice, her medical malpractice action became time-barred.

In their third-party complaint,[9] defendants seek liability from Martindale-Hubbell,

1. Paper No. 1. The removal petition contained a prayer for jury trial.

2. Martindale-Hubbell is incorporated in Delaware with its principal place of business in New Jersey. In its petition for removal, Martindale-Hubbell states on information and belief that Burt M. Kahn, Esquire is a citizen of Maryland and that Baskin & Sears is either a partnership with no partners being citizens of Delaware or New Jersey and with no principal place of business in those states or a corporation which is not incorporated in Delaware or New Jersey and does not have a principal place of business in either of those states. ¶ 4(b), (c), Paper No. 1. In their petition to remand, defendants state that they are citizens of Maryland for diversity purposes, Paper No. 9 at 2, ¶ 4. In that the Sopers and Kahn are both citizens of Maryland, it is evident that complete

diversity is lacking between the parties to the main claim.

3. Paper No. 9.

4. Paper No. 12. The plaintiffs have not joined defendants in the filing of the instant petition to remand.

5. Paper Nos. 14, 16.

6. Paper No. 15.

7. Paper No. 8.

8. Paper No. 13.

9. Paper No. 4.

Inc. in the form of indemnification and/or contribution. Defendants allege negligence and breach of warranty for fitness of intended use based on defendants' claim that they relied on the information as to the applicable statute of limitations and age of majority in New Jersey listed in the law digest published by the third-party defendant and distributed to attorneys on a nationwide basis.

Defendants' petition to remand is based upon 28 U.S.C. § 1441. In pertinent part, that jurisdictional statute provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Defendants maintain that removal in this case was improper because § 1441 does not envision removal by a third-party defendant and that even if a third-party could remove, the instant action does not constitute a "separate and independent" claim or cause of action. 28 U.S.C. § 1441(c).

■ The burden to establish federal jurisdiction under the removal statute rests with the party seeking removal or, in this case, Martindale-Hubbell. *See* 28 U.S.C. § 1446; *Capitol Cake Co. v. Lloyd's Underwriters,* 453 F.Supp. 1156, 1160 n. 7 (D.Md. 1978) (Miller, J.). In construing the merits of the removal in this action, the court is bound by the grant of jurisdiction conferred in the applicable statute and is not permitted the discretion to venture beyond the terms provided for therein.[10] *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Therefore, the fact that plaintiffs have not joined in the petition to remand does not affect the court's analysis which follows especially because the court would have had to raise this jurisdictional issue *sua sponte* even if all of the parties had agreed to removal in this case. *See Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D.Va.1980).

There is an irreconcilable split of authority on the question of whether a third-party may remove. The jurisdictions which do not allow third parties to remove interpret the removal statute literally to mean that only a "defendant or the defendants" to the original claim may seek removal in accordance with § 1441(a). *See generally Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1108–09 (E.D.Pa.1982) (third-party may not remove regardless of complete diversity over main and third-party claims); *Continental Resources & Mineral Corp. v. Continental Insurance Co.,* 546 F.Supp. 850, 852 (S.D.W.Va.1982) (recognizing "a dearth of authority in the Fourth Circuit" on the issue); *Chase v. North American Systems, Inc.,* 523 F.Supp. 378, 381–82 (W.D.Pa.1981)

---

10. For example, the diversity requirement contained in § 1441(b), quoted above, is stricter than that prescribed in the otherwise applicable diversity statute, 28 U.S.C. § 1332. Nonetheless, cases removed to federal court based on diversity jurisdiction in compliance with § 1332 have been remanded for want of federal jurisdiction if there is noncompliance with the § 1441(b) requirement. *See Moore v. Bishop,* 520 F.Supp. 1187, 1188 (D.S.C.1981); *Dunkin Donuts of America v. Family Enterprises, Inc.,* 381 F.Supp. 371, 372–73 (D.Md.1974) (Young, J.).

(complete diversity case); *Friddle v. Hardee's Food Systems, Inc.,* 534 F.Supp. 148, 149–50 (W.D.Ark.1981); *Garnas v. American Farm Equipment Co.,* 502 F.Supp. 349, 351 (D.N.D.1980); *Folts v. City of Richmond,* 480 F.Supp. 621, 624–25 (E.D.Va. 1979) (cross-claimant may not remove either under § 1441(a) or § 1441(c)). Courts adopting this interpretation reason that jurisdictional statutes are to be construed strictly against granting jurisdiction and that any deviation from the literal meaning of the statute would constitute the usurpation of legislative power by judicial fiat. The major commentators are in agreement with this position. *See* 1A *Moore's Federal Practice* 2d Ed. § 0.167[10] (1979); 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3724 at 643–46 (1976). In support of this construction, the legislative history of the removal statute is often cited to show that a prior version of the statute allowed "either party or any one or more of the plaintiffs or defendants" to remove and that because that version has long since been repealed, it is the Congressional intent to restrict removal jurisdiction solely to defendants to the main claim. *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1108 (E.D. Pa.1982) (quoting from section 12 of the Judiciary Act of 1875).

The courts which have allowed third-party defendants to remove (including the only court of appeals to have decided the issue) primarily stress that an overly technical reading of the statute obscures the general purpose of § 1441(c) which is to grant jurisdiction if the disputed claim is sufficiently separate and independent that it would be removable if sued upon alone. These courts emphasize that the literal approach results in a nonuniform application of the removal statute because joinder of party rules (which dictate whether a claim is in a third party format or will be sued upon alone) may vary from state to state and that this result presumably runs contrary to the doctrine of uniform application espoused in *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941). Some of these courts further reason that the fortuity of being sued as a foreign third-party defendant in state court should not strip the litigant of the federal jurisdictional protection otherwise cloaking him under § 1441 if he had been sued in a separate case in state court for the same claims. *See Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury,* 622 F.2d 133, 135–36 (5th Cir.1980); *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.,* 563 F.Supp. 1108 at 1112–15 (N.D.Ill.1983); *Columbia Casualty Co. v. Statewide Hi-Way Safety, Inc.,* 94 F.R.D. 182, 183–84 (D.N.J. 1982); *Motor Vehicle Casualty Co. v. Russian River County Sanitation District,* 538 F.Supp. 488, 493 (N.D.Cal.1981); *Peturis v. Fendley,* 496 F.Supp. 203, 205 (S.D.Ala. 1980); *Marsh Investment Corp. v. Langford,* 494 F.Supp. 344, 348 (E.D.La.1980), aff'd, 652 F.2d 583 (5th Cir.1981) (*per curiam*), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982); *Bond v. Doig,* 433 F.Supp. 243, 248 (D.N.J.1977); *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741, 743 (N.D.Tex.1972); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.,* 279 F.Supp. 803, 806 (D.Mont.1968); *Rafferty v. Frock,* 135 F.Supp. 292, 293 (D.Md.1955) (Thomsen, J.); *Industrial Lithographic Co. v. Mendelsohn,* 119 F.Supp. 284, 286 (D.N.J. 1954); *see also Alifieras v. American Airlines, Inc.,* 523 F.Supp. 1189, 1192 (E.D.N.Y. 1981) (allowing a third-party to remove under § 1441(d)).

Although it may not be recognized as such, there is an intermediate position in which courts have held that a third-party defendant may not remove under § 1441(a) but may remove under § 1441(c) presumably because there is no literal reference to "defendant or defendants" in § 1441(c).[11]

---

11. The prevailing view, shared by courts on either side of the issue, however, is that § 1441(c) does not present grounds for removal distinct from those provided for in § 1441(a). For example, *compare Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1108 (E.D.Pa.1982) (rejecting third-party removal under § 1441(a) and § 1441(c)) *with Peturis v. Fendley,* 496 F.Supp. 203, 204–05 (S.D.Ala.1980) (adopting

**402**

See *Knight v. Hellenic Lines, Ltd.,* 543 F.Supp. 915, 917–18 (E.D.N.Y.1982); *Luebbe v. Presbyterian Hospital,* 526 F.Supp. 1162, 1164–65 (S.D.N.Y.1981); *Croy v. Buckeye International, Inc.,* 483 F.Supp. 402, 404, 406–07 (D.Md.1979) (Kaufman, J.) (dictum that a fourth-party defendant may not remove under § 1441(a) but recognizing that removal under § 1441(c) would be available if the requisite requirements contained therein were met *and* if the main claim would be subsequently remanded presumably to protect plaintiff's choice of forum).

■ At the hearing this court expressed tentative agreement with the "intermediate" position, but, upon reflection, I am persuaded to agree with the fifth circuit in *Carl Heck, supra,* that the "more rational view" is to allow a third party to remove provided that "the third-party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court." 622 F.2d 133 at 135–36. In reaching this ruling, the court is particularly persuaded by the reasoning adopted in the scholarly consideration of this issue in *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.,* 563 F.Supp. 1108 (N.D.Ill.1983). In addition to stating the various rationales relied upon by most courts which allow third party removal, Judge Marshall in the *Ford Motor Credit* (*FMC*) case also reviewed the relevant Supreme Court precedent to arrive at the following interpretation that a third-party defendant constitutes a "defendant" under § 1441(a):

"The rationale of *West* [*v. Aurora City,* 73 U.S. (6 Wall.) 139, 18 L.Ed. 819 (1867)] and *Shamrock Oil* [*supra,*] indicate that Ford [the third-party defendant] qualifies as a 'defendant.' Unlike the party seeking removal in West, it had never voluntarily submitted itself to the jurisdiction

of the state court. It was dragged into state court by service of process the same way that any other 'defendant' is brought into court. Moreover, § 1441(c) argues for this result. Under that section, the only claim that need be removable is the 'separate and independent claim,' which in this case is the third party action against Ford. In judging removability, it makes sense to determine whether it is the 'defendant' in the assertedly removable claim that seeks removal. When that is done, it is clear that 'Ford' is the 'defendant,' it is the franchisees who as plaintiffs brought Ford into the case and seek recovery against it. Ford is as much a defendant as if the case had been originally brought against it. Ford has been sued in the only meaningful sense of the word—it has been haled into court involuntarily and must defend an action for relief against it. That makes Ford a 'defendant.'"

563 F.Supp. 1108 at 1113 (footnotes omitted). Thus, the court in *FMC* rejected the literal approach with respect to interpreting § 1441(a) and did not rely entirely on interpreting § 1441(c) to arrive at its conclusion.

The decision to allow third-party defendants to remove is compelled, moreover, by several anomalous results in cases wherein the literal approach has been applied. For example, in *Jamison v. Schneider,* 561 F.Supp. 1087, 1090–91 (D.Kan.1983), upon finding that the third-party claim stated a separate and independent claim, the district court remanded the entire action on the theory that the state court had no original jurisdiction of the third-party complaint because the applicable Kansas procedural rule required that derivative liability be alleged in order to implead the third party. Since many state impleader rules require some sort of derivative liability,[12] the district

third-party removal under subsections (a) and (c)).

**12.** In making this observation, the court does not imply that the standard test for allowing impleader that a party "is or may be liable" to a defendant for claims which "arise ... out of the [same] transaction or occurrence" is neces-

sarily at odds with the possibility that a third-party claim is separate and independent from a main claim. *E.g.,* Rule 315 of the Maryland Rules of Procedure. *See Brooks v. Ford Motor Credit Co.,* 261 Md. 278, 281, 274 A.2d 345 (1971) (Maryland impleader rule modeled after Rule 14 of the Federal Rules of Civil Procedure). *But cf. Powell, Inc. v. Abney,* 83 F.R.D.

court's action in *Jamison* indicates that § 1441(c) is meaningless if remand is required both when a third-party claim is not separate and independent from the main claim and when the third-party claim is separate and independent from the original claim.[13]

A further instance of a questionable result is found in *Garnas v. American Farm Equipment Co.*, 502 F.Supp. 349, 350 (D.N. D.1980) in which it was the plaintiff who impleaded the third-party defendant in response to a counterclaim filed against plaintiff by defendant. In this situation, the literal approach which barred the third-party defendant in *Garnas* from removal does not withstand critical scrutiny given that the third-party defendant was directly sued by the plaintiff and was a "third-party" defendant only in a hypertechnical sense. *See also Friddle v. Hardee's Food Systems, Inc.*, 534 F.Supp. 148, 149 (W.D.Ark.1981) (third-party defendant barred from removal although plaintiff amended the original complaint to state a cause of action directly against the third-party defendant).

If the removal statute is interpreted to allow for third-party removal, the third-party is not automatically permitted to remove. A third-party must establish that the third-party claim is sufficiently separate and independent from the main claim. As a threshold matter, the court notes that federal law controls as to what satisfies the "separate and independent" test under § 1441(c) and state law governs the substantive characterization of the actual claims for purposes of judging those claims under the federal standard. *See Western Medical Properties Corp. v. Denver Opportunity, Inc.*, 482 F.Supp. 1205, 1207 (D.Colo. 1980) (involving removal of a garnishment action under 28 U.S.C. § 1442).

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court established the following test to determine whether a claim is "separate and independent" for purposes of § 1441(c) analysis: "we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. (footnote omitted). The *Finn* test has been interpreted in a strict manner such that a majority of claims fail to satisfy the separate and independent requirement. *See, e.g., Greening v. Mutual Life Insurance of New York*, 558 F.Supp. 988, 992 (D.Mont.1983). In fact, one district court recently characterized the *Finn* doctrine as "sound[ing] the death knell for removal of 'separate and independent' claims in the diversity context." *Motor Vehicle Casualty Co. v. Russian River County Sanitation District*, 538 F.Supp. 488, 494 (N.D.Cal.1981) (holding that although a third-party defendant may remove, a third-party claim for insurance coverage was not sufficiently independent from the main claim alleging that a wastewater system was defectively designed and constructed).

In reviewing the relationship, if any, between the third-party negligence claim (for indemnity and/or contribution) and the main negligence claim in the instant case, the court is mindful of the Maryland law defining the nature of claims for indemnity and contribution. *Jennings v. United States*, 374 F.2d 983, 985 (4th Cir.1967) (defining the Maryland law of implied indemnity in a Federal Torts Claim Act (FTCA) case); *Blockston v. United States*, 278 F.Supp. 576, 584–85 (D.Md.1968) (Thomsen, J.) (explaining the Maryland law of tort liability for indemnity without making

482, 486 (S.D.Tex.1979) (the requirements of Rule 14 of the federal rules are necessarily inconsistent with a "separate and independent" determination under § 1441(c)); *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321, 322 (N.D.Ill.1967) (same).

**13.** *But see Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.*, 563 F.Supp. 1108 at 1117 n.

32 (N.D.Ill.1983) (under Illinois law, misjoinder of a party under the local impleader rule does not deprive a state court of original subject matter jurisdiction, thereby allowing removal to federal court of an improperly impleaded third-party claim which is separate and independent from the main claim).

an express ruling that Maryland law applied in that FTCA case); *Southern Maryland Oil Co. v. Texas, Co.,* 203 F.Supp. 449, 451–53 (D.Md.1962) (Northrop, J.) (defining Maryland law as to indemnity and contribution); *Martinez v. Lopez,* 54 Md.App. 414, 458 A.2d 1250 (Md.Crt.Sp.App.1983) (*Daily Record,* June 27, 1983 at 8) (thorough review of the statutory right to contribution among tortfeasors). Judge Northrop's decision in *Southern Maryland, supra,* and the recent Maryland Court of Special Appeals case of *Martinez, supra,* clearly indicate that under Maryland law, a claim seeking indemnification and/or contribution constitutes a form of derivative liability which is contingent on a finding of liability on the main claim. Thus, although the nature of the negligence claim against defendants may be distinct (*i.e.,* "separate") from the nature of the negligence alleged by defendants against Martindale-Hubbell, it appears that the two claims are not sufficiently "independent" of each other according to applicable Maryland law.[14]

Martindale-Hubbell is unpersuasive in urging that the nature of the third-party claim in this case is sufficiently independent of the main negligence suit. For example, in support of its position, Martindale-Hubbell relies on *Columbia Casualty Co. v. Statewide Hi-Way Safety Inc.,* 94 F.R.D. 182, 184 (D.N.J.1982), a case in which a motion to remand was denied based on a finding that the main and third-party claims were separate and independent. In *Columbia Casualty,* however, the main claim was for wrongful death and the third-party claim stated a cause of action for fraud in the procurement of insurance coverage. Thus, the defendant in *Columbia Casualty* was not seeking indemnity by vir-

tue of the third-party claim, and the issue of whether third-party derivative liability can be construed as independent of a main claim was not raised in that case.

Further, Martindale-Hubbell cites the fifth circuit case of *Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury,* 622 F.2d 133, 136 (5th Cir.1980), for the proposition that a third-party indemnity claim satisfies the "separate and independent" test of § 1441(c). In *Carl Heck,* the main claim involved a breach of contract alleged by the plaintiff engineer against the defendant local government for liquidated damages because of delay in the construction of a public road. The local government impleaded the surety based on a distinct contract (with respect to which the plaintiff was not a party) containing an express indemnity clause. In ruling that the third-party claim of contractual indemnity was separate and independent from the main claim, the fifth circuit stressed in its statement of facts that the plaintiff was not a party to (nor a third-party beneficiary of) the contract of indemnification between defendant and the third-party surety. 622 F.2d at 134.

In fact, there appears to be a split of authority on whether an indemnity claim constitutes a separate and independent claim under § 1441(c). *Compare Carl Heck, supra, with Croy v. Buckeye International, Inc.,* 483 F.Supp. 402, 404 (D.Md.1979) (Kaufman, J.) (claim for indemnity is not separate and independent under § 1441(c)). In *Marsh Investment Corp. v. Langford,* 494 F.Supp. 344 (E.D.La.1980), *aff'd,* 652 F.2d 583 (5th Cir.1981) (*per curiam*), *cert. denied,* 454 U.S. 1163, 102 S.Ct. 1037, 71

---

**14.** The third-party defendant argues that the third-party claim would be removable if sued upon alone because the requisite diversity exists between the defendants and Martindale-Hubbell. Given the contingent nature of liability on an indemnity or contribution theory, the flaw in this argument is that the suit for derivative liability as a practical matter would not be filed until there is a judgment on the underlying liability claim. Nonetheless, it is plausible that a defendant in a state court action could simultaneously sue in a federal court for declaratory

judgment to determine the merits of the derivative liability claim. This procedure, however, has been severely criticized by at least one district court on the theory that a district court should decline jurisdiction to decide a declaratory judgment action if the issue is simultaneously pending in state court. *Motor Vehicle Casualty Co. v. Russian River County Sanitation District,* 538 F.Supp. 488, 495 (N.D.Cal. 1981) (court guided by "notions of comity and judicial economy." *Id.*).

L.Ed.2d 319 (1982), these two lines of cases represented by *Carl Heck* and *Croy* were convincingly reconciled:

> "Although unarticulated, the line in the indemnity cases seems fairly well-defined. The third party claims in *Holloway, Croy,* and *Coleman* each sought indemnity on a theory of 'active/passive negligence'. The defendants who were vicariously liable in law to the plaintiffs sued the parties who they alleged were the actively negligent tortfeasors.... In each of the cases, as in *Coleman,* there was but a single wrong to plaintiff for which relief was sought. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The third party defendants in *Rafferty, Bond,* and *Wayrynen Funeral Home,* on the other hand, had nothing to do with causing the respective plaintiffs' injuries. The third party claims for indemnity in those cases were brought by the alleged tortfeasors against their insurance companies based on insurance policies that involved only the third parties *inter se.* Like the claim based on the relet contract in the *Heck* case, the insurance policy claims, although not unrelated to the main claims, were sufficiently independent of them that a judgment in an action between the tortfeasor and the insurance company alone could be properly rendered."

494 F.Supp. at 349–50 (some citations omitted).

■ Thus, in applying the *Marsh Investment* analysis to the instant case, the court holds that the alleged negligence of Martindale-Hubbell is not independent of the alleged negligence to plaintiffs in the main claim. In effect, both claims, if proven, would constitute a single wrong to plaintiffs, "arising from an interlocked series of transactions." *American Fire &*

*Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951).[15]

In view of the court's holding that the third-party claim is not "separate and independent" for purposes of granting removal jurisdiction under § 1441 (even though a third-party defendant may remove under appropriate circumstances not herein present), the court will order the entire action remanded to the Circuit Court for Prince George's County pursuant to 28 U.S.C. § 1447(c). Accordingly, the court need not address the other pending motions in this case. A separate order will be entered to reflect the within rulings.

---

**15.** The court's decision to remand is further strengthened by the prevailing doctrine in this circuit that any doubts in considering a removal petition should be resolved in favor of not granting jurisdiction. *Continental Resources & Mineral Corp. v. Continental Insurance Co.,* 546 F.Supp. 850, 852 (S.D.W.Va.1982); *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 n. 3 (M.D.N.C.1982); *Auto Insurance Agency, Inc. v. Interstate Agency, Inc.,* 525 F.Supp. 1104, 1106 (D.S.C.1981); *Freeman v. Colonial Liquors, Inc.,* 502 F.Supp. 367, 369 (D.Md.1980) (Miller, J.).