Helen POISSON and Glenn
Poisson, Plaintiffs,

v.

MAINTENANCE PACE SETTERS, INC.,
Defendant and Third–Party Plaintiff,

v.

UNITED STATES of America,
Third–Party Defendant.

Civ.A. No. 88–CV–72338–DT.

United States District Court,
E.D. Michigan, S.D.

Sept. 29, 1988.

Alan B. Posner, Detroit, Mich., for plaintiffs.

Jay E. Brant, Detroit, Mich., for defendant and third-party plaintiff.

Elizabeth J. Larin, Asst. U.S. Atty., Detroit, Mich., for third-party defendant.

## OPINION

DUGGAN, District Judge.

Plaintiff Helen Poisson brought this personal injury action against defendant Main-

tenance Pace Setters, Inc. ("MPS") seeking recovery for damages she allegedly suffered on January 28, 1987, when she slipped and fell in the U.S. Courthouse in Detroit, Michigan, while serving as a juror. Plaintiff Glenn Poisson, Helen Poisson's husband, seeks damages for loss of consortium. Plaintiffs allege that MPS is liable to plaintiffs because MPS had a contract with the federal government, to maintain the floor on which Helen Poisson slipped and fell.

On July 21, 1987, plaintiffs filed an administrative claim against the General Services Administration of the United States of America, seeking $500,000.00 in damages for Helen Poisson's alleged slip and fall in the U.S. Courthouse. Plaintiffs have not, however, joined the United States of America as a party defendant in this action which was initially filed in the Wayne County Circuit Court on January 26, 1988. On May 4, 1988, defendant MPS filed a third-party complaint against the United States of America seeking contribution and indemnity. MPS also has asserted, in its Amended Complaint, a claim for breach of contract.

On June 3, 1988, the third-party defendant, the United States of America, removed the action to this Court pursuant to 28 U.S.C. § 1441 and § 1444. Plaintiffs have now moved to remand the entire action to Wayne County Circuit Court, on the ground that a third-party defendant has no right to remove an action to federal court. Alternatively, plaintiffs request that the plaintiffs' action be severed from the third-party action, and that the plaintiffs' underlying action be remanded to Wayne County.

The relevant part of the removal statute, 28 U.S.C. § 1441, states:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be movable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Courts are divided on the question of whether this statute allows a third-party defendant to remove an action. (See *Soper v. Kahn*, 568 F.Supp. 398, 400–01 (D.Md. 1983) and cases cited therein.)

Those courts which have allowed third-party defendants to remove have uniformly held that the action is removable pursuant to § 1441(c) if the district court has jurisdiction over the third party claim, and the third party claim is separate and independent from the underlying claim.

If the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal.

*Carl Heck Engineers v. LaFourche Parish Police*, 622 F.2d 133, 136 (5th Cir.1980). If the removal statute is interpreted to allow for third-party removal, the third-party is not automatically permitted to remove. A third-party must establish that the third-party claim is sufficiently separate and independent from the main claim. As a threshold matter, the court notes that federal law controls as to what satisfies the "separate and independent" test under § 1441(c) and state law governs the substantive characterization of the actual claims for purposes of judg-

ing those claims under the federal standard. *See Western Medical Properties Corp. v. Denver Opportunity, Inc.,* 482 F.Supp. 1205, 1207 (D.Colo.1980) (involving removal of a garnishment action under 28 U.S.C. § 1442).

*Soper v. Kahn,* 568 F.Supp. 398, 402–03 (D.Md.1983).

The Seventh Circuit, on the other hand, has refused to allow removal by a third-party defendant, finding that it would be an unwarranted extension of federal jurisdiction, to allow removal of the entire action, on the basis of a third party claim, where the "main part" of the action is not within the district court's original jurisdiction. *Thomas v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984). This concern is not present in the instant action because it appears that diversity of citizenship exists between the plaintiffs and defendant MPS, in the underlying action.

■ While it appears that this Court has jurisdiction over the main claim (because of diversity) and over the third-party claim (because the United States is a party), nevertheless, in order for a third-party defendant to remove under § 1441(c), the third-party action must be separate and independent from the underlying claim between the Poissons and MPS. *Carl Heck Engineers v. LaFourche Parish Police,* 622 F.2d 133, 136 (5th Cir.1980); *Soper v. Kahn,* 568 F.Supp. 398, 400–01 (D.Md. 1983).

The U.S. Supreme Court, in *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1952) held that, for the purposes of § 1441(c), separate and independent claims are not present where there is a single injury to the plaintiff:

[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1952).

The Sixth Circuit, interpreting the *American Fire* case, has held that "where a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sues several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under 1441(c). *American Fire & Casualty Co. v. Finn, supra,* 341 U.S. at 14, 71 S.Ct. at 534; *Gray v. New Mexico Military Institute,* 249 F.2d 28 (10th Cir.1957); *Snow v. Powell,* 189 F.2d 172 (10th Cir.1951)." *Union Planters National Bank of Memphis v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir.1977).

■ The amended third-party claim is for contribution, indemnity, and breach of contract. The Court finds that MPS's claim for contribution against the United States is not a separate and independent claim for purposes of § 1441(c), under Michigan law. In Michigan, contribution is available to tort-feasors who are jointly and severally liable for the same injury. M.C. L.A. § 600.2925a; *Moyses v. Spartan Asphalt Paving Co.,* 383 Mich. 314, 333–35, 174 N.W.2d 797 (1970); *Gorelick v. Dept. of State Highways,* 127 Mich.App. 324, 340, 339 N.W.2d 635 (1983). The basis for the right to contribution is a common liability *U.S. Fidelity & Guaranty Co. v. Liberty Mutual Insur. Co.,* 127 Mich.App. 365, 372, 339 N.W.2d 185 (1983)). In the present case, MPS asserts (in the alternative) that if plaintiffs' injuries were caused as alleged in the primary complaint, then a contributing cause was the negligence of the United States. MPS, therefore, seeks to have the United States contribute its proportionate share of any damages awarded to plaintiff. Since the third-party claim and the underlying claim both seek recovery relating to a single wrong, i.e. the injuries to plaintiffs, the third-party claim is not separate and independent from the underlying claim.

Additional support for this holding is manifest from the fact that MPS, the third-party plaintiff, can only recover on the third-party claim if plaintiffs are successful on the underlying claim against MPS. If it is determined, in the underlying claim, that MPS is not liable to the primary plaintiffs, then the third-party claim for contribution

is moot. Hence, the third-party claim for contribution is not independent of the underlying claim. *Cf. Soper v. Kahn,* 568 F.Supp. 398, 404 (D.Md.1983).

Third-party plaintiff MPS may, nevertheless, be allowed to remove the action under § 1441(c), if the third-party claim for indemnity is separate and independent from the underlying claim. Those courts which have allowed third-party defendants to remove are divided on the question of whether a third-party claim for indemnity is separate and independent under § 1441(c), and thus can be the basis for removal. (*Soper v. Kahn,* 568 F.Supp. 398, 404 (D.Md.1983) and cases cited therein.) Two district courts have held that the line of demarcation between these otherwise conflicting cases is the theory on which the third-party plaintiff bases its claim for indemnity.

> Although unarticulated, the line in the indemnity cases seems fairly well-defined. The third party claims in *Holloway, Croy, and Coleman* [*Holloway v. Gamble–Skogmo, Inc.,* 274 F.Supp. 321. (N.D.Ill.1967)]; *Croy v. Buckeye International, Inc.,* 483 F.Supp. 402 (D.Md. 1979); *Coleman v. A & D Machinery Co.,* 298 F.Supp. 234 (E.D.Cal.1969)] each sought indemnity on a theory of 'active/passive negligence'. The defendants who were vicariously liable in law to the plaintiffs sued the parties who they alleged were the actively negligent tortfeasors ... In each of the cases, as in *Coleman,* there was but a single wrong to plaintiff for which relief was sought. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The third party defendants in *Rafferty, Bond, and Wayrynen Funeral Home* [*Rafferty v. Frock,* 135 F.Supp. 292 (D.Md.1955); *Bond v. Doig,* 433 F.Supp. 243 (D.N.J. 1977); *Wayrynen Funeral Home, Inc. v. J. G. Link & Co.,* 279 F.Supp. 803 (D.Mont.1968)], on the other hand, had nothing to do with causing the respective plaintiffs' injuries. The third party claims for indemnity in those cases were brought by the alleged tortfeasors against their insurance companies based on insurance policies that involved only the third parties *inter se.* Like the claim based on the relet contract in the *Heck* case, the insurance policy claims, although not unrelated to the main claims, were sufficiently independent of them that a judgment in an action between the tortfeasor and the insurance company alone could be properly rendered.

*Soper v. Kahn,* 568 F.Supp. 398, 405 (D.Md.1983), *quoting Marsh Investment Corp. v. Langford,* 494 F.Supp. 344, 349–50 (E.D.La.1980), *aff'd per curiam,* 652 F.2d 583 (5th Cir.1981), *cert. denied,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).

The amended third-party complaint seeks indemnification based on common law indemnity (Count II) and implied contractual indemnity (Count III). It also asserts a cause of action for breach of contract (Count IV). Third-party plaintiff's indemnity claims are not separate and independent from the primary plaintiffs' claim. The primary plaintiffs' claim and the third-party plaintiff's claims for indemnity all relate to and arise out of the primary plaintiffs' claim for damages for a single wrong: the injuries to the plaintiffs in the underlying suit. Furthermore, for plaintiffs to recover on a theory of indemnification (whether it be a claim for common law indemnity or implied contractual indemnification), it is necessary, under Michigan law, that third-party plaintiff prove freedom from "active fault." *Hadley v. Trio Tool Co.,* 143 Mich. App. 319, 331, 372 N.W.2d 537 (1985). It is, therefore, necessary that the trier of fact make a factual determination regarding the third-party plaintiff's conduct in the incident which gave rise to the primary plaintiff's injury. Third-party plaintiff's claims are therefore not "separate and independent" from the claim of the primary plaintiffs.

■ MPS's claim for breach of contract (Count IV) does, however, appear to be "separate and independent" from the claim of the primary plaintiffs and therefore subject to removal to this Court. In the breach of contract claim, MPS contends that it obtained a policy of liability insurance to protect it against claims for injuries such as those asserted by the primary

plaintiffs but that such insurance is not available to it because the United States failed to act reasonably in providing MPS with notice of the underlying plaintiffs' claims. MPS's insurer is denying coverage based on a failure to receive timely notice of the claim. While this claim is "separate and independent", the claim for damages presented by MPS in this Count does, to a great extent, depend on the disposition of the underlying lawsuit. MPS has no claim against the United States unless and until it can establish that it has incurred a loss. Should the primary action result in a verdict in favor of MPS, any loss suffered by MPS may be minimal or nonexistent.

■ The primary complaint asserts a common law negligence claim, a claim that the state court is well equipped to handle. Plaintiffs chose the state court as the forum for such cause of action. While the primary defendant could have removed the action to federal court based on diversity of citizenship, it chose not to file a petition for removal. This Court is not persuaded that any justification exists for this Court retaining jurisdiction over the primary claim, the contribution claim, or the indemnity claims. It is therefore the opinion of this Court that these claims be severed from the breach of contract claim and that all claims, except the breach of contract claim, be remanded to the Wayne County Circuit Court. This Court will, however, stay any proceedings in the retained breach of contract claim until termination of the proceedings in the Wayne County Circuit Court case.

An Order consistent with this Opinion shall issue forthwith.