977 So.2d 150 (2008)
Cynthia BRIDGES, Secretary, Louisiana Department of Revenue
v.
HERTZ EQUIPMENT RENTAL CORPORATION.
No. 07-CA-717.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*151 Antonio Ferachi, Frederick Mulhearn, Donald Bowman, Nykeba R. Walker, Attorneys at Law, Baton Rouge, Louisiana, for Plaintiff/Appellant.
Harry Rosenberg, Christopher K. Ralston, Jaclyn C. Hill, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is an appeal of a ruling of the trial court sustaining defendant's peremptory exception of prescription. We affirm.
Facts and Procedural History
On December 20, 2006, Cynthia Bridges, acting in her official capacity as Secretary of the Department of Revenue for the State of Louisiana ("the Department") filed a petition to collect taxes against Hertz Equipment Rental Corporation ("HERC") for estimated sales and use taxes covering the tax periods of January 1, 1999 through December 31, 2003. HERC responded to this petition with a peremptory exception of prescription. HERC also filed a Motion for Protective Order seeking a stay of all proceedings pending the disposition of the exception of prescription. Both of these matters were heard by the trial court on July 11, 2007, and by judgment rendered on August 20, 2007, the trial court sustained the exception of prescription and determined that the motion for protective order was moot. This appeal follows.
The Department contends that the trial court erred in finding that valid waivers of prescription were not signed by the HERC when HERC granted express authority to one of its employees to execute the waivers. The Department also contends that the trial court erred in failing to allow the completion of discovery to allow proof that a valid waiver was signed.
Law and Analysis
LSA-R.S. 47:1579 provides:
There shall be no prescription running against any state tax, license, excise, interest, penalty or other charge levied under this Sub-title, except that ordained in the Constitution of Louisiana.
The Louisiana Constitution, Art. 7, Section 16, contains the prescriptive period for the collection of taxes and provides as follows:
Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law.
The running of such prescription shall be suspended prior to the lapse of the prescriptive period for any period by means of a written agreement between the taxpayer and the secretary of the Department of Revenue. LSA-R.S. 47:1580 B.
The burden of proof is generally on the party pleading prescription. Hudson v. East Baton Rouge Parish School Board, 02-987 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286. However, when the petition is prescribed on its face, the plaintiff has the burden of showing that prescription has been interrupted in some manner. Id. Evidence may be introduced to support or controvert the peremptory exception raising the objection of prescription pursuant to LSA-C.C.P. art. 931 when the grounds for the exception do not appear on the face *152 of the petition. In the absence of evidence the exception of prescription must be decided upon the facts alleged in the petition, and all allegations therein are accepted as true. Jinright v. Glass, 06-888 pp. 6-7 (La.App. 5 Cir. 2/27/07), 954 So.2d 174, 177; writ denied, 07-570 (La.5/4/07), 956 So.2d 618.
The standard of review of a ruling on prescription was set forth by the Supreme Court in London Towne Condominium Homeowner's Ass'n v. London Towne Co., 06-401, pp. 4-5 (La.10/17/06), 939 So.2d 1227, 1231:
When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate courts finds that it is manifestly erroneous or clearly wrong. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Id. The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. Id.; Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La.4/3/02), 816 So.2d 270, 278-79. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.

In the present case, HERC submitted the affidavit of Edward Walsh, its assistant corporate secretary and senior staff counsel. Mr. Walsh states that HERC did not waive its constitutional and legal right to assert prescription to the Department's claim for tax payments. Further, Mr. Walsh states that the waivers relied upon by the Department were obtained from Armando Cordova, a former employee of HERC, who did not have the authority to waive HERC's right to prescription. According to Mr. Walsh, Mr. Cordova was not an officer or director of HERC, and that the signing of the waivers by him was in contravention of HERC's practices. Mr. Walsh also states that HERC's articles of incorporation, bylaws, and corporate resolutions do not grant Mr. Cordova the authority to bind HERC to agreements waiving HERC's right to prescription.
HERC also submitted a supplemental affidavit of Mr. Walsh, including additional information about Mr. Cordova's status at HERC and also acknowledging that certain waivers presented by the Department were properly signed by officers of the corporation.
In opposition to the exception, the Department submitted the affidavit of Thomas Burke, an auditor employed by the Louisiana Department of Revenue who was assigned to the HERC matter. Mr. Burke stated that Mr. Cordova was uncooperative in his dealings with the Department, and Mr. Cordova stated that he was the Director of Tax Audits for HERC and as such, all waivers were to be directed to him. Mr. Burke further stated that Armando Cordova was the Department's only contact person for HERC, and that it was *153 the Department's office policy to give the waivers to the taxpayer and to have the individual responsible for signing them to do so and return them to the Department.
The Department also submitted a cover letter dated August 18, 2005 from Armando E. Cordova, Director of Tax Audits for HERC, to the Louisiana Department of Revenue, enclosing the waivers to extend the time limitations for the tax periods from 1999-2002. Also attached to this document are copies of agreements to suspend prescription for these time periods. Each of these agreements was signed by Armando Cordova in his title of Director of Tax Audits for HERC.
In addition, the Department introduced evidence that Armando Cordova represented HERC at a hearing in 2005 before the Louisiana Board of Tax Appeals on previous audits involving HERC. The Department argues that since Mr. Cordova had the authority to represent HERC at a legally binding hearing, he also had the authority to sign waivers on behalf of HERC.
The trial court considered the arguments and evidence submitted by both parties, and concluded that the exception of prescription brought by HERC was well-founded. In reaching this conclusion, the trial court apparently made a factual determination that Armando Cordova did not have the authority to execute a binding waiver of prescription on behalf of HERC. After a review of the record in these proceedings and the applicable jurisprudence on this issue, we find no manifest error of the trial court in reaching this factual determination.
In Bridges v. X Communications, Inc., 03-441 (La.App. 5 Cir. 11/12/03), 861 So.2d 592; writ denied, 03-3431 (La.2/20/04), 866 So.2d 830, a tax assessment case similar to the one before us which was rendered prior to the execution of the purported waivers in the present case, a panel of this Court addressed the issue of an agent's authority to bind a corporation in signing a waiver of prescription. The Court found that the validity of the waivers turns on whether the agents either were authorized to waive this legal right on behalf of the corporation or whether they had apparent authority on which the Department was justified to rely.
In that case, the Court specifically held that the act of surrendering or waiving a corporation's legal right, such as prescription, is the type of act that requires express power. The Court concluded that the Department was not justified in relying on any perceived apparent authority of the agent to bind the taxpayer to a document that waived a legal right. Rather, the Court relied on business corporation law which sets forth the officers and agents authorized to bind a corporation. The Court stated as follows:
The authority to act on behalf of a corporation can only be conferred by the charter or the bylaws of the corporation or by resolution of the board of directors. La.R.S. 12:81(A), 12:82(D); McKendall v. Williams, 467 So.2d 1301, 1303 (La.App. 4 Cir.), writ denied, 469 So.2d 986 (La.1985).
A party seeking to enforce an alleged contract against a corporation is required to establish that the officer or agent with whom he contracted was in fact authorized to bind the corporation. North American Sales Alliance, Inc. v. Carrtone Laboratories, Inc., 214 So.2d 167, 172 (La.App. 4 Cir.), writ denied, 253 La. 57, 216 So.2d 306 (1968). Any action taken in the name of a corporation that is unauthorized by the corporation cannot bind the corporation. Marsh Investment Corp. v. Langford, 490 F.Supp. 1320, 1324 (E.D.La.1980), affd, 652 F.2d 583 (5th Cir. Unit A *154 Aug.1981), cert. denied sub nom., Ponchartrain State Bank v. Marsh Investment Corp., 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).
Bridges v. X Communications, Inc., 03-441 p. 9, 861 So.2d at 598.
Applying this holding to the facts of the present case, we find that although the Department contends that Armando Cordova had the perceived apparent authority to bind the corporation to the agreements to suspend prescription, the evidence shows that he had no express power to do so. He was not an officer or director of the corporation, nor was proof presented that Mr. Cordova's authority to act on behalf of the corporation was conferred by charter, bylaws or resolution of the board of directors. Under these circumstances, the Department was not justified in relying on perceived apparent authority of Mr. Cordova, but was charged with knowledge that the power to bind the corporation in this instance must have been express authority. Bridges v. X Communications, Inc., 03-441 p. 9, 861 So.2d at 598.
In the present case, the Department failed to establish that Mr. Cordova was in fact authorized to bind the corporation in waiving the corporation's legal right to assert prescription. As such, the record before us fails to contain a valid waiver of prescription for the time periods asserted in the Department's petition. Absent such a valid waiver, the Department's claims have prescribed pursuant to the Louisiana Constitution, Art. 7, Section 16.
The Department also contends that the trial court erred in improperly staying discovery in this matter. The Department argues that further discovery would have answered many questions about Mr. Cordova's authority within HERC.
Generally, a trial court has broad discretion in handling discovery matters. In the present case, HERC submitted two affidavits by the assistant corporate secretary specifically outlining Mr. Cordova's status at HERC and expressly stated therein that Mr. Cordova was not an officer or director of HERC and was not given authority to bind the corporation. Based on this factual scenario, we fail to find that additional discovery would have shed additional light on Mr. Cordova's ability to suspend the corporation's legal right to assert prescription. Under the circumstances, we find no abuse of discretion in the trial court's stay of the discovery.
Conclusion
Accordingly, for the reasons assigned herein, we find no abuse of the trial court's discretion in staying discovery in this matter. Further, the trial court ruling sustaining HERC's exception of prescription is affirmed.
AFFIRMED.