983 So.2d 1256 (2008)
Cynthia BRIDGES, Secretary of State Department of Revenue, State of Louisiana
v.
HERTZ EQUIPMENT RENTAL CORP.
No. 2008-C-0400.
Supreme Court of Louisiana.
June 20, 2008.
*1257 PER CURIAM.
The Louisiana Department of Revenue ("Department") conducted an audit of sales and use taxes owed by Hertz Equipment Rental Corporation ("HERC") between 1999-2003. The three-year prescriptive period for collection of the 1999 taxes under La. Const Art. VII, § 16 would have expired on December 31, 2002. Prior to this date, the Department sent a proposed agreement to HERC, requesting that HERC agree to a one-year suspension of prescription in accordance with La. R.S. 47:1580.[1] Armando E. Cordova, the Director of Tax Audits of the Hertz Corporation ("Hertz"), signed the agreement and returned it to the Department. As the audit continued over the next several years, Mr. Cordova signed similar agreements to suspend prescription before the prescriptive period lapsed.
Following completion of the audit, the parties attempted to reach a settlement over the unpaid sales and use taxes. When these negotiations were unsuccessful, the Department filed the instant suit in 2006 against HERC seeking to collect sales and use taxes between 1999-2003.
HERC responded by filing an exception of prescription. HERC relied on the affidavit of Edward Walsh, its assistant corporate secretary and senior staff counsel, who stated that HERC did not waive its constitutional and legal right to assert prescription to the Department's claim for tax payments. According to Mr. Walsh, Mr. Cordova was not an officer or director of HERC, and the signing of the waivers by him was in contravention to HERC's practices. Mr. Walsh also represented *1258 that HERC's articles of incorporation, bylaws, and corporate resolutions do not grant Mr. Cordova the authority to bind HERC to agreements waiving HERC's right to prescription. HERC also submitted a supplemental affidavit of Mr. Walsh, which included additional information about Mr. Cordova's status at HERC.
The Department opposed the exception and submitted an affidavit by Thomas Burke, an auditor employed by the Louisiana Department of Revenue who was assigned to the HERC matter. Mr. Burke stated that Mr. Cordova was the only contact person for both HERC and Hertz since the 1990's. According to Mr. Burke, Mr. Cordova represented that he was the Director of Tax Audits for HERC, and therefore he requested that all waivers were to be directed to him. Mr. Burke also stated that Mr. Cordova was uncooperative in his dealings with the Department and refused to respond to any request in writing. In addition, the Department introduced evidence that Mr. Cordova represented HERC at a hearing in 2005 before the Louisiana Board of Tax Appeals on previous audits involving HERC. The Department argued that since Mr. Cordova had the authority to represent HERC at a legally binding hearing, he also had the authority to sign waivers on behalf of HERC.
Subsequently, the Department propounded various discovery requests in the form of interrogatories, requests for documents and requests for admission. HERC responded by filing a Motion for Protective Order seeking a stay of all proceedings pending the disposition of the exception of prescription.
After a hearing on both issues of prescription and discovery, the district court rendered judgment sustaining the exception of prescription and declaring the motion for protective order moot.
The Department appealed the district court's judgment. The court of appeal affirmed. Bridges v. Hertz Equipment Rental Corp., 07-717 (La.App. 5 Cir. 1/22/08); 977 So.2d 150.
Without reaching the merits of the prescription issue, we find the district court abused its discretion in refusing to allow the Department to conduct additional discovery prior to the hearing on the exception. La.Code Civ. P. art. 931 makes it clear that when a party pleads the peremptory exception prior to or at trial, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." In order to obtain evidence to support or controvert the objection, it is obvious the parties must be allowed to engage in adequate discovery.
It is well settled under Louisiana law that the discovery statutes are to be liberally and broadly construed to achieve their intended objectives. Hodges v. Southern Farm Bureau Cas. Ins. Co., 433 So.2d 125 (La.1983). A party generally may obtain discovery of any information which is relevant to the subject matter involved in the pending action. La.Code Civ. P. art. 1422; Stolzle v. Safety & Systems Assurance Consultants, Inc., 02-1197 (La.5/24/02); 819 So.2d 287.
In the instant case, the Department asserts that the discovery requests it propounded on HERC are relevant to the question of whether Mr. Cordova had authority to act on HERC's behalf. In particular, the Department contends that it has sought copies of HERC's charter, by-laws, board resolutions and other documents which may shed light on Mr. Cordova's authority. Additionally, it has sought information about previous agreements executed by Mr. Cordova, and whether the HERC board had knowledge of his activities. *1259 We find this information is relevant to the issues raised by HERC's exception of prescription. Thus, we find the district court abused its discretion by ruling on the merits of the exception of prescription without allowing the Department an opportunity to complete its requested discovery.[2]
Accordingly, the writ is granted. The judgment of the court of appeal is vacated and set aside, and the case is remanded to the district court for further proceedings consistent with this opinion.
CALOGERO, C.J., would grant and docket.
KIMBALL and KNOLL, JJ., dissent and would deny the writ.
NOTES
[1] La. R.S. 47:1580 provides, in pertinent part:

B. The running of such prescription shall also be suspended prior to the lapse of the prescriptive period set out in the Constitution of Louisiana as hereinafter provided:
(1) For any period by means of a written agreement between the taxpayer and the secretary of the Department of Revenue . . .
[2] Because the district court did not assign reasons, the basis for its judgment granting the exception of prescription is unclear. In affirming the district court's judgment, the court of appeal reasoned that the Department failed to establish that Mr. Cordova had express authority to waive prescription. Without passing on the correctness of this reasoning, we believe it is premature to reach the merits of the prescription issue prior to allowing the Department to conduct adequate discovery.