THERIOT, J.
|Jn this suit arising from a joint petition for approval of a workers’ compensation settlement, the defendant/appellant, Carlton Williams, appeals the order of the Office of Workers’ Compensation (OWC), Sixth District, to incorporate a Medicare set-aside into the workers’ compensation settlement. For the reasons.that follow, we affirm..
FACTS AND PROCEDURAL HISTORY
On May 2, 2008, Mr. Williams was injured in an accident during the course and scope of his employment with Cypress Sawmill, Inc. Mr. Williams, as a delivery driver, suffered injury when a forklift driver dropped several stacks of wooden pallets on top of him, knocking him unconscious. His alleged injuries were to the head, shoulder, and neck, a fractured left foot, right knee and lumbar, and various other injuries. Mr. Williams filed a tort claim in the 22nd Judicial District Court against the forklift driver’s employer and the employer’s insurer, which was settled out of court.[1]
Subsequent to the settlement of the tort claim, Mr. Williams, Cypress Sawmill, and its self-insured fund, the Louisiana Commerce & Trade Association (LCTA), filed a joint petition for approval of a workers’ compensation settlement on April 5, 2012. The settlement terms included a lump sum, payable from Mr. Williams’s tort settlement, to Cypress Sawmill and LCTA for reimbursement of workers’ compensation payments made to Mr. Williams. The settlement term also included a Medicare set-aside analysis to be submitted to the Cen *698 ter for Medicare Services (CMS) to determine a Medicare set-aside allocation (MSA), which would be used to reimburse Medicare from the tort settlement funds for any payments Medicare made on behalf of Mr. Williams.
|sThe order approving the settlement and dismissing Mr. Williams’s workers’ compensation claim was initially denied. The petition and order were amended to include specific language about the settlement amount and the MSA analysis that was lacking in the original order. The OWC signed the amended order on April 19, 2012, dismissing Mr. Williams’s claim for compensation with prejudice.
Novare, LLC prepared the MSA analysis. CMS requested additional information in order to review the set-aside amount. LCTA filed a rule to enforce judgment on December 14, 2012, claiming that Mr. Williams would not execute the “General Release of Information” medical consent form that is required by CMS to authorize the analysis. CMS rejected the analysis for lacking documentation of Mr. Williams’s medical history. As a result, on February 19, 2013, the OWC ordered Mr. Williams to cooperate with LCTA to provide the authorization required to release his medical records so the MSA analysis could be completed, and for Mr. Williams to authorize the analysis upon completion.
Mr. Williams provided some of his medical history, but CMS considered the information insufficient to improve the accuracy of the MSA analysis and closed its file due to the lack of documentation of Mr. 'Williams’s medical history. Therefore, on November 19, 2013, LCTA filed a motion to file and attach the MSA analysis to the settlement. The Novare report was included as an exhibit to the MSA analysis. The MSA analysis was the only analysis available for submission to the OWC. The OWC denied the motion on November 25, 2013. On February 10, 2014, the OWC again ordered Mr. Williams to cooperate with LCTA and provide whatever information and authorization was necessary to reach a settlement.
|4On July 18, 2014, the LCTA filed a motion to file and incorporate an approved MSA analysis into the settlement documents, claiming that Mr. Williams had agreed to a set-aside amount, which was approved by CMS. The set-aside amount approved by CMS was $61,308.00.
Following a hearing on August 22, 2014, the OWC ordered, over Mr. Williams’s objection, that the MSA determined by CMS be incorporated into the settlement. Mr. Williams stated at the hearing that the incorporation of the MSA was based upon the analysis of Novare, which Mr. Williams averred was incorrect, thereby making the MSA incorrect. Mr. Williams timely appealed the order of the OWC.
ASSIGNMENTS OF ERROR
Mr. Williams cites two assignments of error. First, Mr. Williams alleges the OWC erred in incorporating the MSA analysis prepared by Novare LLC into the settlement. Second, Mr. Williams asserts that if the OWC finds that he does need $61,308.00 in future medical care, the joint petition for settlement should be set aside and the OWC case re-opened for further proceedings to determine if the prior settlement was a mistake of fact.
DISCUSSION
In workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the manifest error-clearly wrong standard. Smith v. Lafarge North America, L.L.C., 2012-0337 (La.App. 1 Cir. 11/2/12), 111 So.3d 379, 382. To reverse a factual finding by a workers’ compensation judge, the appellate *699 court must find from the record that a reasonable factual basis does not exist for the finding of the judge and that the record established that the finding is clearly wrong. Id.
 |BMr. Williams argues in his brief that even though the rules of evidence are relaxed in workers’ compensation cases, the Novare report should not have been admitted on the grounds of hearsay, competency, and relevance. The workers’ compensation judge shall not be bound by technical rules of evidence or procedure, but all findings of fact must be based on competent evidence. La. R.S. 23:1317(A); Brown v. A M Logging, 2010-1440 (La.App. 1 Cir. 8/4/11), 76 So.3d 486, 492. An OWC judge has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. Bolton v. B E & K Construction, 2001-0486 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 32. “Competent evidence” must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the OWC’s factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them. Brown, 76 So.3d at 492.
At issue in the instant case is the No-vare report, a fourteen-page compilation of data regarding Mr. Williams’s injury, his employment, his medical history, his status with Medicare, and a list of estimated costs for his ongoing medical care. It was the only report of its kind submitted by either party for review by CMS, and it was the only evidence presented to the OWC of a proposed set-aside amount. Despite the OWC order that Mr. Williams provide medical information that could have enhanced the accuracy of the final report, Mr. Williams provided very little. Mr. Williams’s refusal to consent to the analysis and his apparent lack of cooperation delayed the resolution of the settlement for two years. We see no reason why the OWC should have waited longer than two years for additional information, and it was reasonable for the OWC to conclude that |fithe Novare report would be the only evidence submitted to complete the analysis.
At the hearing on August 22, 2014, Mr. Williams made it clear that he thought the report was merely incorrect, but presented no evidence to impeach the report. It was not until this appeal that Mr. Williams classified the Novare report as hearsay, incompetent, and irrelevant evidence. We find the OWC did not abuse its discretion in incorporating the Novare report into the settlement agreement. The first assignment of error does not have merit.
Mr. Williams did not brief his second assignment of error, and only mentioned it in the final paragraph of the conclusion of his appellant brief. There are no legal arguments or citations to jurisprudence corresponding to this assignment of error. We may consider as abandoned any assignment of error or issue for review which has not been briefed. Price v. GEICO General Ins. Co., 2013-2216 (La.App. 1 Cir. 9/19/14), 155 So.3d 1, 3; see also, Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4). Without more than a cursory assertion that should Mr. Williams be made to set aside over $60,000.00 of his settlement in compensation for Medicare payments that his case should at least be reopened so Mr. Williams can challenge the calculation of this amount, we cannot address or review the alleged error and must consider it abandoned. The second assignment of error is deemed abandoned.
CONCLUSION
The OWC did not abuse its discretion in incorporating the approved MSA analysis into the settlement agreement between the *700 appellant, Carlton Williams, and the appel-lee, the Louisiana Commerce & Trade Association. We therefore affirm the order of the Office of Workers’ Compensation to so incorporate the analysis into the settlement. We find the second assignment |7of error to be abandoned. All costs of this appeal are assessed to Carlton Williams.
AFFIRMED.
GUIDRY, J. Concurs.

. See Carlton Williams, et al. v. Travelers Property Casualty d/b/a St. Paul Travelers and Sun Minerals, L.L.C., No. 98538, Div. G; 22nd JDC, Parish of Washington.