# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LAW OFFICES OF ROBERT C.
LEHMAN, A PROFESSIONAL LAW
CORPORATION, LAW OFFICES OF
ROBERT C. LEHMAN, LLC AND
ROBERT C. LEHMAN, INDIVIDUALLY

VERSUS

SHAWN W. ROGERS, ROGERS LAW
FIRM, LLC D/B/A ROGERS LAW
FIRM, NORMAN J. MANTON, JR.,
AND LOUISIANA CITIZENS
PROPERTY INSURANCE COMPANY

NO.   2021 CW 0040

**MARCH 02, 2021**

---

In Re:   Law Offices of Robert C. Lehman, APLC, Law Offices of
         Robert Lehman, LLC, and Robert C. Lehman, Individually,
         applying for supervisory writs, 22nd Judicial District
         Court, Parish of St. Tammany, No. 2016-13377.

---

**BEFORE:   GUIDRY, McCLENDON, AND LANIER, JJ.**

    **WRIT GRANTED WITH ORDER.**  The Louisiana discovery statutes
are to be liberally and broadly construed to achieve their
intended objectives.  **Bridges v. Hertz Equipment Rental Corp.,**
2008-0400 (La. 6/20/08), 983 So.2d 1256, 1258 (per curiam).
Moreover, privileges, which are in derogation of such broad
exchange of facts, are to be strictly interpreted.  **Smith v.
Lincoln General Hospital,** 605 So.2d 1347, 1348 (La. 1992) (per
curiam).  Under Louisiana law, the party asserting the privilege
has the burden of proving that the privilege applies and must
adequately substantiate the claim and cannot rely on a blanket
assertion of privilege.  **Maldonado v. Kiewit Louisiana Co.,** 2012-
1868 (La. App. 1st Cir. 5/30/14), 152 So.3d 909, 927, writ
denied, 2014-2246 (La. 1/16/15), 157 So.3d 1129.  According to
La. Code Civ. P. art. 1424(C), when a party withholds information
otherwise discoverable under these rules by claiming that it is
privileged or subject to protection as trial preparation material
the party shall make the claim expressly and shall describe the
nature of the documents, communications, or things not produced
or disclosed in a manner that, without revealing information
itself privileged or protected, will enable other parties to
assess the applicability of the privilege or protection. We find
that the trial court abused its discretion in denying
plaintiffs', Law Offices of Robert C. Lehman, APLC, Law Offices
of Robert C. Lehman, LLC and Robert C. Lehman, Individually,
motion for contempt and to compel compliance with subpoenas duces
tecum issued to defendant, Louisiana Citizens Property Insurance
Corporation, taking its blanket assertion of privilege as
satisfactory proof to allow it to withhold certain documents from
discovery.  We therefore grant this writ application, vacate the
trial court's September 22, 2020 judgment, and order Louisiana
Citizens Property Insurance Corporation to create a privilege log

describing the nature of the documents over which it has claimed a privilege without revealing any privileged information, which shall be produced to the trial court to consider in conjunction with its ruling on this motion.

**JMG**
**PMc**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT