## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0703

JAMES J. DONELON, COMMISSIONER OF INSURANCE FOR THE
STATE OF LOUISIANA, IN HIS CAPACITY AS REHABILITATOR
OF LOUISIANA HEALTH COOPERATIVE, INC.

VERSUS

TERRY S. SHILLING, GEORGE G. CROMER, WARNER L.
THOMAS, IV, WILLIAM A. OLIVER, CHARLES D. CALVI,
PATRICK C. POWERS, CGI TECHNOLOGIES AND SOLUTIONS,
INC., GROUP RESOURCES INCORPORATED, BEAM PARTNERS,
LLC, MILLIMAN, INC., BUCK CONSULTANTS, LLC, AND
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

Judgment Rendered: **APR 1 2 2022**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 651,069

Honorable Timothy E. Kelley, Judge Presiding

* * * * * * *

Keith C. Armstrong
Zachary S. Miller
Baton Rouge, Louisiana
and
Reid L. Ashinoff
Justin N. Kattan
Justine N. Margolis
Catharine Luo
New York, New York

Attorneys for Defendant/Appellant,
Milliman, Inc.

John Ashley Moore
Vincent V. Tumminello, III
Michael A. Grace
William H. Patrick, IV
Baton Rouge, Louisiana

Attorneys for Third-Party Appellee,
Louisiana Department of Insurance

\* \* \* \* \* \* \*

**BEFORE: WHIPPLE, CJ., PENZATO, AND HESTER, JJ.**

\* \* \* \* \* \* \*

2

**PENZATO, J.**

This is an appeal from a February 25, 2021 judgment denying a motion to compel discovery filed by Milliman, Inc. ("Milliman") against a non-party, the Louisiana Department of Insurance ("LDI").[1] The LDI filed a motion for leave to file a sur-reply brief, as well as a motion to supplement the record on appeal with an order signed by the trial court on July 21, 2021. We hereby grant both motions. We affirm in part and reverse in part the February 25, 2021 judgment, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Louisiana Health Cooperative, Inc. ("LAHC") was a non-profit health insurance company incorporated in 2011 pursuant to Louisiana's implementation of the Affordable Care Act ("ACA"). By July 2015, LAHC was out of business, and in September of 2015, LAHC was placed into rehabilitation and under the direction and control of the Commissioner of Insurance for the State of Louisiana as Rehabilitator, through his duly appointed Receiver, Billy Bostick (the "Receiver").

On August 31, 2016, the Receiver filed suit against various defendants asserting claims of breach of fiduciary duty, breach of contract, negligence, and gross negligence that purportedly caused or contributed to LAHC's insolvency. In a supplemental and amending petition filed on November 29, 2016, Milliman was added as a defendant. The Receiver asserted claims of professional negligence and breach of contract against Milliman, which provided professional actuarial services to LAHC from August 2011 to March 2014. The Receiver contended that a feasibility study dated March 30, 2012, prepared by Milliman for LAHC, and a report dated August 15, 2013, prepared by Milliman and relied upon by LAHC to

---

[1] A co-defendant, Buck Global, LLC ("Buck"), also appealed the February 25, 2021 judgment. Buck filed an unopposed motion to dismiss its appeal, which was granted by this court. *Donelon v. Shilling*, 2021 CA 0703 (La. App. 1 Cir. 11/5/21).

set its premium rates for 2014, were unreliable, inaccurate, and not the result of careful, professional analysis. The Receiver alleged that Milliman breached its duty to LAHC by failing to discharge its duties with reasonable care, failing to act in accordance with the professional standards applicable to actuaries, failing to produce an accurate and reliable feasibility study, failing to set premium rates for LAHC that were accurate and reliable, and failing to exercise the reasonable judgment expected of professional actuaries under like circumstances. The Receiver further alleged that Milliman's failure to exercise reasonable care, failure to act in accordance with the professional standards applicable to actuaries, and its breach of contract were the legal causes of all or substantially all of LAHC's damages.

In its answer, Milliman denied the Receiver's allegations. In addition, Milliman asserted several affirmative defenses, including allegations that the Receiver's damages were not solely caused by Milliman, but by other persons or entities, including the LDI, the Commissioner of Insurance, the Receiver, LAHC, the federal government, third parties, and other defendants. On September 18, 2020, the Receiver filed a motion seeking to dismiss or strike Milliman's "regulator fault" or "receiver fault" defenses pursuant to La. R.S. 22:2043.1(B).[2] By judgment dated January 12, 2021, the trial court granted the motion and excluded the acts of the LDI and the Commissioner of Insurance from Milliman's defenses. After this appeal was taken, on a similar motion by the Receiver, the trial court struck Milliman's affirmative defenses predicated upon prior wrongful or negligent actions of any officer, manager, director, trustee, employee, or agent of LAHC pursuant to La. R.S. 22:2043.1(A).[3]

---

[2] Louisiana Revised Statutes 22:2043.1(B) provides that "No action or inaction by the insurance regulatory authorities may be asserted as a defense to a claim by the receiver."

[3] Louisiana Revised Statutes 22:2043.1(A) provides in pertinent part as follows:

4

On or about November 19, 2020, Milliman served an amended *subpoena duces tecum* on the LDI, which contained 38 requests for production of documents.[4] The LDI responded to the subpoena, objecting to each of the requests for production of documents therein.[5] Milliman thereafter filed a motion to compel.

In its motion to compel, Milliman alleged that the documents requested from the LDI were directly relevant to the Receiver's claims and/or Milliman's defenses and were reasonably calculated to lead to the discovery of admissible evidence. In opposition, the LDI argued that all of the documents sought by Milliman's subpoena related to regulatory action or inaction taken by the LDI or on its behalf, and were not legally relevant as a matter of law in light of La. R.S. 22:2043.1 and the trial court's January 12, 2021 judgment. The LDI further argued that the requested documents "were not reasonably calculated to lead to the discovery of admissible evidence." La. C.C.P. art. 1422.

The trial court heard Milliman's motion to compel on February 12, 2021. Following the argument of counsel, the trial court denied the motion to compel, and signed a judgment conforming to its oral reasons on February 25, 2021. It is from this judgment that Milliman appeals.

---

No prior wrongful or negligent actions of any present or former officer, manager, director, trustee, owner, employee, or agent of the insurer may be asserted as a defense to a claim by the receiver under a theory of estoppel, comparative fault, intervening cause, proximate cause, reliance, mitigation of damages, or otherwise.

[4] Milliman previously sought to obtain these documents from the Receiver through discovery requests. The Receiver objected to the production of any LDI documents, contending it was not a representative of the LDI in the litigation. Milliman filed a motion to compel the Receiver to produce responsive records of the LDI, contending that the Commissioner was in possession, custody, and control of the responsive documents of the LDI, regardless of the "capacity" in which he appeared in the litigation. Following a hearing, the trial court signed an order dated October 7, 2020, denying Milliman's motion to compel. The order indicated the trial court's finding that the Receiver in this litigation was not the custodian and did not possess or control the records of the LDI. Milliman applied for writ of certiorari which was denied by this court. *Donelon v. Shilling*, 2020 CW 1111 (La. App. 1 Cir. 12/30/20), 2020 WL 7869454 (unpublished writ action).

[5] LDI's responses to the amended *subpoena duces tecum* included references to its previous responses to the original subpoena, which was added to/modified.

5

## ASSIGNMENT OF ERRORS

Milliman contends that the trial court's decision to preclude discovery of all information in the possession of the LDI, based on its conclusion that none of this information could possibly be admissible at trial, is erroneous because it:

1. Contravenes La. C.C.P. art. 1422 and this court's controlling precedent holding that evidence is discoverable, regardless of its ultimate admissibility, if it reasonably may lead to admissible evidence;

2. Ignores that Milliman's subpoena does not seek evidence concerning the LDI's "action or inaction"; and

3. Misapplies La. R.S. 22:2045, which does not bar production of non-confidential, non-privileged, and/or pre-receivership documents sought by the subpoena.

## LAW AND DISCUSSION

It is well settled under Louisiana law that the discovery statutes are to be liberally and broadly construed to achieve their intended objectives. *Bridges v. Hertz Equipment Rental Corp.*, 2008-0400 (La. 6/20/08), 983 So. 2d 1256, 1258 (per curiam). The basic objectives of the Louisiana discovery process are (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing their cases for trial; (4) to narrow and clarify the basic issues between the parties; and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. *Hodges v. Southern Farm Bureau Cas. Ins. Co.*, 433 So. 2d 125, 129 (La. 1983).

A party generally may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action. La. C.C.P. art. 1422. The test of discoverability is not the admissibility of the particular information sought, but whether the information appears reasonably calculated to lead to the discovery of admissible evidence. *Lehmann v. American Southern*

*Home Ins. Co.*, 615 So. 2d 923, 925 (La. App. 1 Cir.), writ denied, 617 So. 2d 913 (La. 1993). Generally, a showing of relevancy and good cause for production has been required in cases where a party seeks production of records from a non-party. *Stolzle v. Safety & Systems Assur. Consultants, Inc.*, 2002-1197 (La. 5/24/02), 819 So. 2d 287, 289 (per curiam).

A trial court has broad discretion in discovery matters, and such discretion will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Bell v. Treasure Chest Casino, L.L.C.*, 2006-1538 (La. 2/22/07), 950 So. 2d 654, 656.

The initial inquiry in most discovery problems is whether the matter sought to be discovered is relevant. *Hodges*, 433 So. 2d at 129. Milliman contends that its subpoena sought four categories of documents that relate directly to the Receiver's claims against Milliman, and to Milliman's defenses. The LDI contends that all of the documents requested by Milliman relate to regulatory action or inaction taken by the LDI or on its behalf and are therefore statutorily irrelevant pursuant to the absolute immunity protection set forth in La. R.S. 22:2043.1.[6]

The four categories of documents sought by Milliman in its subpoena are discussed below.[7]

**1. Communications concerning Milliman's reports in support of LAHC's 2012 feasibility study and 2014 rate filings (Requests 1, 6, 9, 12, 13, 15)[8]**

---

[6] We note, however, that with regard to Requests 6, 16, and 37, the LDI did not raise any claims of statutory privilege in its objections to Milliman's subpoena.

[7] Milliman does not address the relevancy of Requests 2-5, 7, 8, 10, 11, 14, 18, 21-28, and 34-36. We may consider as abandoned any assignment of error or issue for review which has not been briefed. See Uniform Rules–Courts of Appeal, Rule 2-12.4(B)(4). See also *Louisiana Commerce & Trade Ass'n, SIF v. Williams*, 2014-1680 (La. App. 1 Cir. 6/5/15), 174 So. 3d 696, 699. Accordingly, we affirm the denial of the motion to compel Requests 2-5, 7, 8, 10, 11, 14, 18, 21-28, and 34-36.

[8] The referenced requests are set forth below:

Milliman contends that the communications requested in Requests 1, 6, 9, 12, 13, and 15 are probative because they establish a contemporaneous record, unaffected by hindsight or after-the-fact attempts to shift blame for LAHC's losses, that cannot be obtained from other sources concerning the quality and reasonableness of Milliman's work for LAHC.

## 2. Information concerning other Louisiana insurers' 2014 rate filings (Requests 16, 17)[9]

Milliman contends that in order to test the Receiver's allegations concerning the reasonableness of Milliman's assumptions as compared to other Louisiana carriers, Milliman needs the information requested in Requests 16 and 17 from the LDI concerning, *inter alia*, state-wide enrollment levels, rates of other carriers, and whether or to what extent these allegedly "unreasonable" assumptions actually

---

Request 1. All Documents and Communications referencing or related to LAHC's filings with the LDI, including form and rate filings.

Request 6. All Documents and Communications reflecting Communications between LAHC and LDI. This request includes but is not limited to Communications sent directly to or from LAHC or on LAHC's behalf.

Request 9. All Documents and Communications concerning LAHC's: a) CO-OP Program application (including any feasibility study or business plan), b) pro forma submissions, c) startup or solvency loans, d) requests for additional funding, or e) any corrective action plan.

Request 12. All Documents and Communications concerning LDI's assessment, review, findings, conclusions and/or approval of LAHC's 2014 or 2015 rates.

Request 13. All Documents and Communications concerning LDI's review, assessments, findings and/or conclusions relating to Milliman's actuarial analyses, reports and other work for LAHC.

Request 15. All Documents and Communications concerning any attempt by LAHC, LDI, and/or any other person or entity to lower or raise LAHC's 2014 or 2015 rates.

[9] The referenced requests are set forth below:

Request 16. All 2014 and 2015 rate filings for ACA-compliant plans sold or to be sold in Louisiana by any insurer.

Request 17. All Documents and Communications comparing, contrasting or otherwise discussing the 2014 or 2015 rates, rate filings or other actuarial analyses prepared by or on behalf of LAHC in relation to the 2014 or 2015 rates, rate filings or other actuarial analyses for any other ACA-compliant plan sold or to be sold in Louisiana by any other insurer.

8

impacted LAHC's financial condition. Milliman argues that only the LDI possesses this contemporaneous information.

### 3. Documents concerning LAHC's financial condition and insolvency, including communications with the federal government concerning changes to, and implementation of, the ACA (Requests 19, 20, 29-33)[10]

According to Milliman, the LDI closely monitored LAHC's financial condition, recommended that LAHC voluntarily wind down its operations, and had constant contact with the federal government, which oversaw the ACA CO-OP program. Milliman contends that the LDI most likely has information, requested in Requests 19, 20, 29-33, that bears on Milliman's contention that its work did not cause LAHC's losses, but rather other factors, including the federal government's improper withholding of $63 million in "Risk Corridor" payments in 2015, and/or work of other third-party providers of pre-insolvency services to LAHC, caused

---

[10] The referenced requests are set forth below:

> Request 19. All Documents and Communications concerning the impact of the failure to make Risk Corridor Payments upon the operations or financial condition of LAHC or health insurers generally.

> Request 20. All Documents and Communications concerning the role and impact of Risk Adjustment Transfer Payments, the Transitional Reinsurance Payment, and/or the Individual Mandate upon the operations and financial condition of LAHC or health insurers generally.

> Request 29. All Documents and Communications reflecting or analyzing LAHC financial statements for the 2014, 2015, 2016 and 2017 calendar years, including: (a) GAAP financial statements; (b) Financial statements prepared in accordance with statutory accounting principles, including convention statements filed with LDI; (c) Actuarial memoranda supporting the calculation of claim reserves, IBNR (incurred but not reported) liabilities, and any other liabilities used in the preparation of the LAHC financial statements.

> Request 30. All Documents and Communications concerning LAHC's financial condition and solvency.

> Request 31. All Documents and Communications concerning LAHC's operations, including but not limited to the performance of LAHC's officers, directors or other management and/or its agents GRI and/or CGI.

> Request 32. All Documents and Communications concerning the onsite market conduct and financial examination of LAHC that commenced in or around March 2015.

> Request 33. All Documents and Communications concerning the decision to place LAHC into rehabilitation or liquidation.

9

those losses.

**4. Post-receivership communications concerning the *Health Republic* settlement (Requests 37, 38)[11]**

According to Milliman, LAHC participated in the federal *Health Republic Insurance Company v. U.S.* class action in the Court of Federal Claims, in which several ACA CO-OPs and other carriers sued the federal government for its improper withholding of "Risk Corridor" payments. Milliman contends that the case settled in 2020 and LAHC was the only insurer, out of 148, that did not get paid 100% of what the federal government owed it. Through Requests 37 and 38, Milliman seeks information concerning the Receiver's post-receivership conduct, including the *Health Republic* settlement.

At the hearing on the motion to compel, counsel for the Receiver acknowledged the possibility that data in the requested records could lead to admissible evidence, but argued that a review of all the records requested would be a major undertaking and would slow down the litigation. The trial court also recognized Milliman's interest in obtaining contemporaneous records to place before the trier-of fact information that it did not act unreasonably and its actions were prudent. The trial court questioned whether such information was an attack on an action or inaction by the insurance regulatory authorities so as to create a defense, as prohibited by La. R.S. 22:2043.1. However, without evaluating the specific requests, the trial court denied the motion to compel, stating:

> [W]hen I look at [La. R.S. 22:]2403.1 and 2045, ...I know why [Milliman] would want to use [the information], but it cannot be used that way under our law, and since it cannot be used it will never be

---

[11] The referenced requests are set forth below:

> Request 37. All Documents and Communications concerning *Health Republic Insurance Company v. United States of America*, No. 1:16-cv-00259-MMS, United States Court of Federal Claims (*"Health Republic"*).

> Request 38. All Documents and Communications concerning any settlements or other relinquishment of claims or potential claims involving LAHC and the United States federal government, including but not limited to settlements in *Health Republic*.

admissible. Just legally it could not be asserted....

La. R.S. 22:2043.1 immunizes the LDI from liability based upon regulator fault affirmative defenses. The LDI did not raise the immunity protection provided by La. R.S. 22:2043.1 in its objections to Requests 6, 16, and 37. Moreover, Requests 1, 9, 12, 13, and 15-17 seek relevant information and may lead to the discovery of admissible evidence relating to Milliman's defense of the Receiver's allegations that Milliman failed to exercise reasonable care in discharging its duties and was the sole cause of all or substantially all of LAHC's damages. Requests 19, 20, 29-33, and 38 are relevant to Milliman's defense that parties other than the insurance regulatory authorities, including former defendants in the case, the federal government, or the Receiver, may have caused or contributed to LAHC's losses. Request 31 seeks, in part, documents and communications concerning "the performance of LAHC's officers, directors or other management." We find that this portion of Request 31 will not lead to the discovery of admissible evidence, and we affirm the trial court's denial of the motion to compel as to documents and communications concerning "the performance of LAHC's officers, directors or other management." With regard to the remainder of Request 31 and Requests 1, 6, 9, 12, 13, 15-17, 19, 20, 29, 30, 32, 33, 37, and 38, we find the trial court abused its discretion in relying upon the immunity protection set forth in La. R.S. 22:2043.1 to deny Milliman's motion to compel because the information sought in these Requests is relevant and discoverable for purposes other than regulator fault affirmative defenses.

La. R.S. 22:2045 protects documents that are produced or received during a receivership action and "which are confidential or privileged pursuant to any other provision of law." La. R.S. 22:2045(A) and (B). The LDI did not object to Requests 6, 16, and 37 as confidential or privileged pursuant to La. R.S. 22:2045. As to the remaining requests, the LDI merely copied the text of La. R.S. 22:2045 in

11

its objections to Milliman's subpoena. Privileges, which are in derogation of such broad exchange of facts, are to be strictly interpreted. *Smith v. Lincoln General Hospital*, 605 So. 2d 1347, 1348 (La. 1992) (per curiam). Under Louisiana law, the party asserting the privilege has the burden of proving that the privilege applies, must adequately substantiate the claim, and cannot rely on a blanket assertion of privilege. *Maldonado v. Kiewit Louisiana Co.*, 2012-1868 (La. App. 1 Cir. 5/30/14), 152 So. 3d 909, 927, writ denied, 2014-2246 (La. 1/16/15), 157 So. 3d 1129. We find that the trial court abused its discretion in denying Milliman's motion to compel Requests 1, 6, 9, 12, 13, 15-17, 19, 20, 29-33, 37, and 38, taking the LDI's blanket assertion of privilege as satisfactory proof to allow it to withhold all documents from discovery. See *Law Offices of Robert C. Lehman v. Rogers*, 2021-0040 (La. App. 1 Cir. 3/2/21), 2021 WL 794550 (unpublished writ action).

Based upon the above reasons, we reverse the February 25, 2021 judgment to the extent that it denied Milliman's motion to compel with regard to Requests 1, 6, 9, 12, 13, 15-17, 19, 20, 29, 30, 31 in part, 32, 33, 37, and 38. However, the LDI objected to these Requests as overbroad. The trial court recognized that Milliman's discovery requests were overbroad and would need to be refined "as to the relevant time constraint[,] subject matter[,] and information of entities being inquired into." However, no such process was undertaken, as the trial court denied in full Milliman's motion to compel. Accordingly, we remand this matter with an order for the trial court to address the LDI's objection that Requests 1, 6, 9, 12, 13, 15-17, 19, 20, 29-33, 37, and 38 are overbroad. We further order that the LDI produce to the trial court a privilege log describing the nature of the documents responsive to Requests 1, 9, 12, 13, 15, 17, 19, 20, 29-33, and 38 over which it has claimed a privilege without revealing any privileged information, which shall be produced to the trial court to consider in conjunction with its ruling on Milliman's motion to compel as to Requests 1, 6, 9, 12, 13, 15-17, 19, 20, 29, 30, 31 in part,

32, 33, 37, and 38. In all other respects, the February 25, 2021 judgment is affirmed.

## CONCLUSION

We grant the Louisiana Department of Insurance's motions for leave to file a sur-reply brief and to supplement the record on appeal. We reverse that part of the trial court's February 25, 2021 judgment that denied Milliman, Inc.'s motion to compel discovery as to Requests 1, 6, 9, 12, 13, 15-17, 19, 20, 29, 30, 31 in part, 32, 33, 37, and 38, and remand to the trial court to address the Louisiana Department of Insurance's objection that these requests are overbroad. We further order that the Louisiana Department of Insurance produce to the trial court a privilege log describing the nature of the documents responsive to Requests 1, 9, 12, 13, 15, 17, 19, 20, 29-33, and 38 over which it has claimed a privilege. In all other respects, we affirm the February 25, 2021 judgment. Costs in the amount of $12,987.50 are assessed one-half ($6,493.75) to the Louisiana Department of Insurance and one-half ($6,493.75) to Milliman, Inc.

**MOTIONS FOR LEAVE TO FILE A SUR-REPLY BRIEF GRANTED; MOTION TO SUPPLEMENT THE RECORD ON APPEAL GRANTED; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**